IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FELIX GUZMAN RIVADENEIRA,
      Plaintiff,

vs.                                     Case No.: 3:15cv265/LAC/EMT

DEPARTMENT OF HOMELAND
SECURITY, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the McHenry County Jail in Woodstock, Illinois, proceeding pro se, initiated this civil rights action, and proposed class action, under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (doc. 1).[1]  He has also filed a motion to proceed in forma pauperis ("IFP") (doc. 4).  Upon review of the complaint, it is apparent that venue is not proper in the Northern District. Accordingly, this case should be transferred.

Plaintiff names as Defendants the Department of Homeland Security ("DHS"), the Department of Immigration and Customs Enforcement ("ICE"), the United States Attorney General, the Chief Operator of the "Detention Operation Manual," the Wardens of jails and detention centers that house ICE detainees, all "Service Processing Centers," all "Contract Detention Facilities," and all "Intergovernmental Service Agreement Facilities" (doc. 1 at 1–3).  Plaintiff states he is filing this action on behalf of thousands of federal immigration detainees and their families in the United States and "all over the world" (<i>id.</i>).  He alleges federal detainees and their families are suffering abuse, prejudice, and discrimination, including the denial of meaningful access to DHS programs,

---

[1] <u>Bivens</u> recognizes a private right of action for money damages against federal actors that engaged in alleged violations of the Constitution or laws of the United States.  <u>Bivens</u>, 403 U.S. at 397.

activities, and services, due to their limited proficiency in the English language (*id.*).  He alleges Defendants have deprived him and other ICE detainees of medical care, mental health care, due process, and access to meaningful grievance procedures (*id.*).  He also alleges Defendants have subjected him and other detainees to bad living conditions, punitive disciplinary segregation, physical abuse, sexual abuse, and verbal abuse (*id.*).  Plaintiff alleges Defendants' conduct has caused him and other detainees physical, emotional, mental, and psychological suffering (*id.*). Plaintiff claims that Defendants have engaged in fraud, corruption, mismanagement, and misconduct (*id.*).  He contends Defendants have violated his constitutional rights and the rights of other detainees guaranteed by the Fifth, Eighth, and Fourteenth Amendments (*id.*).  He seeks injunctive relief and monetary damages in the amount of $210,000,000,000.00 (*id.*).  Plaintiff is the only person who signed the complaint (*id.*).

The court previously advised Plaintiff (*see* doc. 3) that it is plain error to permit an individual who is proceeding pro se to represent the interests of other individuals in a class action.  *See* Timson v. Sampson, 518 F. 3d 870, 873 (11th Cir. 2008) (explaining that 28 U.S.C. § 1654, the provision permitting parties to proceed pro se, provides "a personal right that does not extend to the representation of the interests of others"); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a pro se inmate could not bring a petition for equitable relief on behalf of his fellow inmates); *see also, e.g.,* Johnson v. Brown,581 F. App'x 777, 2014 WL 4473335, at *4 (11th Cir. 2014) (unpublished) (a pro se inmate litigant may not bring an action on behalf of his fellow inmates).  This is because courts consider the competence of an individual representing himself to be too limited to allow him to risk the rights of others.  *See* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also* Massimo, 468 F.2d at 1210; Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); *see also, e.g.,* Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (unpublished); Palasty v. Hawk, 15 F. App'x 197, 200 (6th Cir. 2001) (unpublished).

The court also advised Plaintiff (*see* doc. 3) that a civil action in which a defendant is an agency of the United States may be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) the plaintiff resides if no real property is involved in the action.  *See* 28 U.S.C. § 1391(e)(1).  In this case, Plaintiff states he resides in Woodstock, Illinois, and that is where the alleged deprivations

of his constitutional rights have occurred and are allegedly continuing to occur. Woodstock is located in McHenry County, Illinois, and that county is located in the Eastern Division of the United States District Court for the Northern District of Illinois. Therefore, venue for Plaintiff's civil rights action is properly laid in that court, not the Northern District of Florida.

Upon advising Plaintiff of these issues, the court provided Plaintiff an opportunity to file an amended complaint (doc. 3). Plaintiff failed to comply with the order by the deadline; therefore, the court issued an order directing Plaintiff to show cause why this action should not be dismissed (*see* doc. 6). Plaintiff responded to the show cause order, reiterating that it is his desire to bring a class action lawsuit on behalf of all immigration detainees (*see* doc. 7). Apparently in response to the venue issue, Plaintiff states that there are detention centers in the State of Florida, and that he would like to proceed with a "John Doe" civil rights action so that "people who are detain [sic] in your jurisdiction might be able to fight for their rights without fear of retaliation from Immigration Officials" (*id.* at 1–2). Plaintiff is still detained at the McHenry County Jail in Woodstock, Illinois (*see id.*).

Plaintiff's attempt to initiate a class action on behalf of other immigration detainees is clearly prohibited, and he may only pursue this civil rights action on his own behalf. Further, it is apparent that venue for this civil rights action is improper in the Northern District of Florida. Section 1404 of Title 28 of the United States Code provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made sua sponte by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Fla., Inc., 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord* Roofing & Sheeting, 689 F.2d at 991 n.14.

In analyzing the issue of proper venue in the context of motions to dismiss under the federal doctrine of forum non conveniens, courts have looked to certain factors set forth by the United States Supreme Court relating to the private interest of the litigants and the public interest in the fair and efficient administration of justice.  *See* <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508–09, 67 S. Ct. 839, 843, 91, L. Ed. 1055 (1988), *superseded by statute on other grounds as explained in* <u>Am. Dredging Co. v. Miller</u>, 510 U.S. 443, 449 n.2, 114 S. Ct. 981, 986 n.2, 127 L. Ed. 2d 285 (1994)[2]; *accord* <u>Cowan v. Ford Motor Co.</u>, 713 F.2d 100, 103 (5th Cir. 1983).[3]  While forum non conveniens would not apply in a case such as this where there exists an alternative federal forum in which this case could have been brought and to which this case may be transferred, the factors enunciated in <u>Gilbert</u>, which provide the basis for a court's analysis of the relative fairness and convenience of two alternative forums, are helpful in determining whether to effect a change in venue under section 1404(a).

The factors set forth in <u>Gilbert</u> are as follows:

---

[2] In <u>American Dredging</u>, the Court explained:

<u>Gilbert</u> held that it was permissible to dismiss an action brought in a District Court in New York by a Virginia plaintiff against a defendant doing business in Virginia for a fire that occurred in Virginia. Such a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  By this statute, "[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of forum non conveniens." <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 253, 102 S. Ct. 252, 264, 70 L. Ed. 2d 419 (1981).  As a consequence, the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad.

<u>Am. Dredging</u>, 510 U.S. at 449 n.2.

[3] In <u>Cowan</u>, the Fifth Circuit explained the proper applicability of the doctrine of forum non conveniens in light of the enactment of section 1404(a):

Section 1404(a) superseded the common law doctrine of forum non conveniens insofar as transfer to another federal district court is possible.  As the Supreme Court pointed out in <u>Norwood v. Kirkpatrick</u>, "the harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." 349 U.S. 29, 32, 75 S. Ct. 544, 546, 99 L. Ed. 789 (1955).

<u>Cowan</u>, 713 F.2d at 103 (additional citations omitted).

Case No.: 3:15cv265/LAC/EMT

> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive. . . . Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . .

Gilbert, 330 U.S. at 508–09.

In the instant case, the acts or occurrences forming the basis of Plaintiff's complaint concerning the conditions of his confinement occurred and are continuing to occur in McHenry County, Illinois, which is located in the Eastern Division of the United States District Court for the Northern District of Illinois. Thus, attendance of witnesses and availability of sources of proof favor a transfer there.[4] Therefore, in the interest of justice, this action should be transferred to the Eastern Division of the United States District Court for the Northern District of Illinois.

Accordingly, it is respectfully, **RECOMMENDED**:

1.      That this case be transferred to the Eastern Division of the United States District Court for the Northern District of Illinois.

2.      That all pending motions be **DENIED** without prejudice to Plaintiff's re-filing in the transferee court.

3.      That the clerk of court be directed to close this file.

At Pensacola, Florida, this 13th day of August 2015.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4]Although Plaintiff's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Prod., Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted).

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.: 3:15cv265/LAC/EMT